FRANK P. GIONFRIDDO, ADMINISTRATOR (ESTATE OF KIM M. GIONFRIDDO) *v.* AVIS RENT A CAR SYSTEM, INC. ET AL.
(12176)

SPEZIALE, C. J., PETERS, PARSKEY, SHEA and MENT, Js.

Argued November 3, 1983—decision released February 21, 1984

*Edward F. Hennessey,* with whom were *David T. Ryan* and, on the brief, *Thomas A. Young,* for the appellant (plaintiff).

*John R. FitzGerald,* with whom were *Constance L. Epstein* and, on the brief, *John F. Wynne, Jr.,* legal intern, for the appellees (named defendant et al.).

PETERS, J. This appeal, which is ancillary to *Gionfriddo* v. *Avis Rent A Car System, Inc.,* 192 Conn. 280, 472 A.2d 306 (1984) *(Gionfriddo I),* concerns the availability of statutory interest when a plaintiff's offer of judgment has been rejected. The plaintiff filed a pretrial offer of judgment in the amount of $750,000 on September 29, 1981. The defendants failed to accept this offer. For reasons spelled out in *Gionfriddo I,* the plaintiff ultimately recovered damages of $478,239 as a result of a jury verdict, and an additional $706,524 as a result of the treble damages awarded by the trial court. In toto, the plaintiff therefore recovered $1,184,763. The trial court determined that, because the jury verdict was less than $750,000, the plaintiff was not entitled to interest under the statute governing pretrial offers of judgment, General Statutes § 52-192a. The plaintiff has appealed.

General Statutes § 52-192a provided in relevant part, as of the date of the judgment, June 28, 1982, that "(a)

After commencement of *any civil action* based upon contract or *for the recovery of money* only, the plaintiff may before trial file with the clerk of the court a written 'offer of judgment' . . . offering to settle the claim underlying such action and to stipulate to a judgment for a sum certain. . . . (b) After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff *has recovered* an amount equal to or greater than the sum certain stated in his 'offer of judgment,' the court shall add *to the verdict* twelve per cent annual interest on the amount contained in such offer, computed from the date such offer was filed . . . . For purposes of this computation, the largest 'offer of judgment' which was equal to or less than *the verdict* shall be used." (Emphasis added.)[1] The

---

[1] The full text of General Statutes § 52-192a, in effect on the date of judgment, was as follows:

"(a) After commencement of any civil action based upon contract or for the recovery of money only, the plaintiff may *before* trial file with the clerk of the court a written 'offer of judgment' signed by him or his attorney, directed to the defendant or his attorney, offering to settle the claim underlying such action and to stipulate to a judgment for a sum certain. The plaintiff shall give notice of such offer of settlement to the defendant's attorney, or if the defendant is not represented by an attorney, to the defendant himself. Within thirty days after being notified of the filing of such 'offer of judgment,' the defendant or his attorney may file with the clerk of the court a written 'acceptance of offer of judgment' agreeing to a stipulation for judgment as contained in plaintiff's 'offer of judgment.' Upon such filing, the clerk shall enter judgment forthwith on the stipulation. If such 'offer of judgment' is not accepted within thirty days, such 'offer of judgment' shall be considered rejected and not subject to acceptance unless refiled. Following such rejection of any 'offer of judgment,' the plaintiff may file a new 'offer of judgment' and may continue to do so up to the time of trial. All such 'offers of judgment' and any 'acceptance of offer of judgment' shall be included by the clerk in the record of the case.

"(b) After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment,' the court shall add to the verdict twelve per cent annual

parties are at issue about the extent to which the statute's use of the word "verdict" narrows its scope to awards made by juries.

The defendants argue that § 52-192a must be read to require a comparison between the amount of the offer of judgment and the jury verdict, in this case between $750,000 and $478,239. If this is the correct comparison, the plaintiff cannot qualify for the § 52-192a interest. The trial court upheld the defendants' argument and denied the plaintiff's claim. The court acknowledged that, under its reasoning, offers of judgment would not include the possibility of treble damages, since the statute authorizing such multiple damages; General Statutes § 14-295;[2] entrusts their determination to the discretion of the court rather than to a jury. The plaintiff argues, to the contrary, that, in the context of § 52-192a, the reference to "verdict" incorporates a recovery awarded by the court. If it is

interest on the amount contained in such offer, computed from the date such offer was filed in actions commenced before the effective date of this act. In those actions commenced on or after the effective date of this act, the interest shall be computed from the date the complaint in the civil action was filed with the court if the offer of judgment was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the offer of judgment was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. For purposes of this computation, the largest 'offer of judgment' which was equal to or less than the verdict shall be used. Nothing in this section shall be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action.

"(c) This section shall apply to all claims, except claims which were assigned for trial on or before October 1, 1976."

[2] "[General Statutes] Sec. 14-295. DOUBLE OR TREBLE DAMAGES. Each person who, by neglecting to conform to any provision of sections 14-230 to 14-242, inclusive, or section 14-245, or 14-247, causes any injury to the person or property of another, shall be liable to the party injured in double or treble damages if, in the discretion of the court in which any action is pending, double or treble damages are just, with the costs of such action."

the total judgment that is the relevant base for comparison, as the plaintiff maintains, the judgment of $1,184,763 amply entitles the plaintiff to 12 percent interest. While the language of § 52-192a is hardly a model of the draftsman's art, we agree with the plaintiff.

A recent case in the federal courts; *Murphy* v. *Marmon Group, Inc.*, 562 F. Sup. 856 (D. Conn. 1983); contains a persuasive analysis of § 52-192a. There a plaintiff, seeking to recover part of the proceeds under a deferred compensation plan, made an offer of judgment. The defendant filed a motion to strike the plaintiff's offer of judgment alleging, inter alia, that § 52-192a is limited to jury cases only, which the plaintiff's case concededly was not. As in the case currently before us, the defendant argued that the term "verdict" in the text of § 52-192a (b) necessarily refers to a determination by a jury and not by a court, and that therefore the plaintiff Murphy's offer of judgment stood outside the remedial scope of the statute.

The federal court, *Zampano, J.*, held that the plaintiff's offer of judgment, for a number of reasons, fell within the ambit of § 52-192a. The purpose of the statute, the encouragement of settlements, provides no basis for distinction between jury cases and court cases. Indeed, a defendant's offer of judgment, under General Statutes § 52-193, is not limited to jury trials. Consistent with this broad statutory intent, § 52-192a (a) authorizes a plaintiff's offer of judgment for the trial of "*any* civil action based upon contract or for the recovery of money . . . ." (Emphasis added.) In that same subsection, if a defendant accepts a plaintiff's offer of judgment, the acceptance constitutes an agreement "to a stipulation for judgment," which is to be entered for judgment without reference to the existence or the nonexistence of a claim for a jury trial. These broad statutory provisions should not

be undermined solely because § 52-192a (b), in determining the penalty for nonacceptance of a plaintiff's offer of judgment, refers to a "verdict." Id., 859–60.

In its discussion of the significance of the use of "verdict," the federal court stated: "It is true that as a general rule the term 'verdict' refers to a final decision of a jury and does not relate to a finding by a court. But this is not its only meaning. Webster's New World Dictionary 1577 (2d ed. 1978) defines 'verdict' to include 'any decision or judgment.' See, e.g., *Commonwealth* v. *Dorius,* 343 Mass. 533, 179 N.E.2d 885, 886 (Mass. 1962) (proper interpretation of a statute required that the word 'verdict' be construed 'to include a finding by a judge sitting without a jury'); *Ex parte Traxler,* 147 Tex. Cr. R. 661, 184 S.W.2d 286, 288 (Tex. 1944) (where jury waived, judgment of court partakes of the nature of a verdict and may be denominated a 'verdict'). Moreover, the Connecticut legislature, in the context of other statutes, has employed the term 'verdict' to include judgments rendered after court trials. See, e.g., Conn. Gen. Stat. § 52-243 (costs when plaintiff is partly successful); Conn. Gen. Stat. § 52-349 (interest on judgments); Conn. Gen. Stat. § 52-592 (accidental failure of suit)." Id., 860.

We agree with the holding of *Murphy* v. *Marmon Group, Inc.,* that § 52-192a, read as a statutory totality, encompasses recoveries in court cases as well as in jury cases. See *Verdon* v. *Transamerica Ins. Co.,* 187 Conn. 363, 365–73, 446 A.2d 3 (1982); *Sienkiewicz* v. *Sienkiewicz,* 178 Conn. 675, 680–83, 425 A.2d 116 (1979). The defendants argue, however, that, even if such an interpretation were generally appropriate, this case, because it involves statutory treble damages, is distinguishable. They maintain that an offer of judgment may not cover treble damages because such damages can only be awarded by the court and only after the case has been decided in both its liability and its

compensatory damage aspects. They urge us to hold that, because treble damages are not compensatory, the parties could not agree to their payment and therefore such damages must be excluded from the comparison contemplated by an offer of judgment. In effect, the defendants invite us to create an implied exception to § 52-192a for cases in which a plaintiff's recovery has been enhanced by statutorily trebled damages.

Once it is established that § 52-192a must be read to include court judgments as well as jury verdicts it is difficult to discern any reason of policy in support of the defendants' position. The plaintiff's offer of judgment must offer to settle the case on all counts, including his count for multiple damages. Before the commencement of trial, the plaintiff cannot be sure of damages from either the jury or the court. The policy of encouraging settlements counsels against piecemeal offers of judgment. We therefore conclude that the trial court was in error in holding that the plaintiff was not entitled to recover interest under § 52-192a.

This appeal cannot end, however, with a determination of the applicability of § 52-192a in general. The parties have raised a number of subsidiary issues about the calculation of § 52-192a interest. The trial court, because of its holding of nonentitlement, did not reach these issues, but, since further proceedings will be required, it is useful for us to address them.

There are two principal calculation issues: (1) what is the relationship between interest under § 52-192a and the postjudgment interest statute, General Statutes § 37-3a; and (2) what is the effect of the post-judgment amendment of § 52-192a? We shall consider each of these in turn.

The plaintiff claims that the interest at the rate of 12 percent which is authorized by § 52-192a continues to accrue until final payment of the principal debt has

been tendered. Section 52-192a states that interest starts accruing when the offer of judgment is filed in court, but says nothing about when such interest terminates. The general statutory interest statute, § 37-3a, however, provides a specific answer to the defendant's claim. Under the latter statute,[3] "[e]xcept as provided in sections 37-3b and 52-192a, interest at the rate of eight per cent a year, *and no more,* may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable . . . ." (Emphasis added.) The exception provided in § 37-3a for claims falling under § 52-192a recognizes that a personal injury claim would not ordinarily constitute a claim for the wrongful detention of money; see *Cecio Bros., Inc.* v. *Feldmann,* 161 Conn. 265, 274–75, 287 A.2d 374 (1971); before the rendering of a judgment. For such claims, therefore, the rules of § 52-192a determine prejudgment interest, while the rules of § 37-3a determine postjudgment interest. Such a reading is consistent with the directions for calculation specified in § 52-192a and the statutory ceiling provided in § 37-3a. Reading these two statutes in conjunction with each other, as we must; *Blue Cross & Blue Shield of Connecticut, Inc.* v. *Mike,* 184 Conn. 352, 362, 439 A.2d 1026 (1981); *Heffernan* v. *Slapin,* 182 Conn. 40, 46, 438 A.2d 1 (1980); we conclude that the plaintiff is entitled to 12 percent interest from September 29, 1981, the date when the offer of judgment was filed, until June 28, 1982, the date of the judgment. Thereafter, he is entitled to interest at the rate of 8 percent on whatever amounts remain unpaid on the judgment rendered in his favor.

---

[3] "[General Statutes] Sec. 37-3a. RATE RECOVERABLE AS DAMAGES. Except as provided in sections 37-3b and 52-192a, interest at the rate of eight per cent a year, and no more, may be recovered and allowed in civil actions or arbitration proceedings under chapter 909, including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable except as otherwise provided with respect to demand obligations in section 42a-3-122 (4) (a). Judgment may be given

The defendants claim that the interest at the rate of 12 percent should be calculated on the basis of the amount of the verdict, rather than on the basis of the amount of the offer of judgment. Presumably, they intend the basis, in accordance with their prior argument, to be the jury verdict, rather than the judgment in its entirety. We have already indicated our disagreement with the defendants' interpretation of "verdict." There is, however, an additional ground for the rejection of the defendants' argument. They rely on the 1982 amendment to § 52-192a, which provides for calculation of interest "on the amount of the verdict" rather than "on the amount contained in such offer [of judgment]," as the statute had previously specified. The 1982 amendment; Public Acts 1982, No. 82-228; stated that it was to apply to actions, like the present one, commenced before 1981. Nonetheless, the 1982 amendment did not become effective until October 1, 1982, well after June 28, 1982, the date of the judgment in this case. Although it is possible for legislation to apply retroactively to a case after a judgment has been rendered in the trial court, so long as an appeal to a higher court is still pending, such a result is appropriate only if it would not be "unjust to have the case adjudicated, upon a retrial, in accordance with the amended procedures that the legislature had enacted." *Enfield Federal Savings & Loan Assn.* v. *Bissell,* 184 Conn. 569, 573, 440 A.2d 220 (1981). Neither of the predicates for such retroactivity are applicable here. The amendment to § 52-192a is more substantive than procedural, and

for the recovery of taxes assessed and paid upon the loan, and the insurance upon the estate mortgaged to secure the loan, whenever the borrower has agreed in writing to pay such taxes or insurance or both. Whenever the maker of any contract is a resident of another state or the mortgage security is located in another state, any obligee or holder of such contract, residing in this state, may lawfully recover any agreed rate of interest or damages on such contract until it is fully performed, not exceeding the legal rate of interest in the state where such contract purports to have been made or such mortgage security is located."

the trial court's adjudication is therefore final; see id., 573 n.2; *Schenck* v. *Pelkey,* 176 Conn. 245, 251, 405 A.2d 665 (1978), and cf. *Andrulat* v. *Brook Hollow Associates,* 176 Conn. 409, 412–13, 407 A.2d 1017 (1979); and there will be no retrial. See *Gionfriddo I,* supra. We therefore conclude that the plaintiff is entitled to 12 percent interest from the date of September 29, 1981, when he made his offer of judgment, calculated on the basis of $750,000, the amount of his offer of judgment. As previously noted, this entitlement to interest, under § 52-192a, is superseded by statutory interest of 8 percent, under § 37-3a, as of the date of the judgment, June 28, 1982.

There is error, the supplemental order denying interest under § 52-192a is set aside, and the case is remanded for the award of interest in accordance with this opinion.

In this opinion SPEZIALE, C.J., PARSKEY and MENT, Js., concurred.

SHEA, J. (dissenting). Because of my disagreement with part I of the majority opinion in *Gionfriddo I* which upholds the award of treble damages against the owner-lessors of the vehicle involved in the collision, I would have to conclude that the plaintiff's verdict of $478,239 was less than the amount of his pretrial offer of judgment, $750,000. Accordingly, there would be no basis for a recovery of interest prior to judgment.