[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S REQUEST FOR POST-VERDICT AWARDS PURSUANT TO CONN. GEN. STAT. SEC. 31-290a
In this matter, the plaintiff prevailed at a trial by jury in the First Count of an Amended Complaint, wherein the jury found that he was terminated from his job with the Town of Ashford in retaliation for the filing of a claim for Worker's Compensation in violation of Conn. Gen. Stat. Sec.31-290a, and awarded the sum of $129,400.00 as damages.
The defendant filed a Motion to Set Aside the Verdict dated April 30, 1991 which, in addition to claims of error on evidentiary rulings, the charge to the jury and that the verdict was contrary to the law and the evidence, requested remittitur of $50,000.00. After hearing, the Motion to Set Aside the Verdict was denied and the jury verdict shall stand.
The plaintiff, pursuant to the provisions of Conn. Gen. Stat. Sec. 31-290a, has asked the court to award him the CT Page 4695 following relief in addition to the damages awarded by the jury:
 1. Reinstatement to his job or, in the alternative, an award of "Front Pay".
2. An award of attorney's fees.
 3. An award of interest based on an Offer of Judgment dated September 21, 1989.
4. Punitive damages.
Conn. Gen. Stat. Sec. 31-290a reads in relevant part as follows:
 Sec. 31-290a. Discharge or discrimination prohibited. Right of action. (a) No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter.
 (b) Any employee who is so discharged or discriminated against may either: (1) Bring a civil action in the superior court for the judicial district where the employer has its principal office for the reinstatement of his previous job, payment of back wages and reestablishment of employee benefits to which he would have otherwise been entitled if he had not been discriminated against or discharged and any other damages caused by such discrimination or discharge. The court may also award punitive damages. Any employee who prevails in such a civil action shall be awarded reasonable attorney's fees and costs to be taxed by the court; . . .
I. REINSTATEMENT
The matter of reinstatement is an equitable remedy within the sound discretion of the Court. Conn. Practice Book Sec. 309. This Court is of the opinion that, under the circumstances of this case, it would not be equitable to order the plaintiff reinstated to his prior position as the secretary to the First Selectman of the town. There is a sensitive nature to this particular job and those selectmen CT Page 4696 who testified in this case testified that the plaintiff's job performance was unsatisfactory (which they said was discovered while he was out on Worker's Compensation). While it was the jury's province to determine the credibility of the witnesses and evidence, Mr. Lusky's reinstatement would undoubtedly result in an atmosphere of mistrust and disharmony. In addition, there was evidence during the trial that his position had been filled by another.
With respect to the question of "front pay", this is also a matter of equitable consideration. The jury was instructed to award compensatory damages to Mr. Lusky, if they found liability in his favor. The jury was instructed to consider losses for emotional, physical and mental distress in addition to monetary losses of salary and benefits, and loss of earning capacity.
While the award was not, in the opinion of the Court, excessive, neither was it ungenerous. The Court believes the award adequately and fairly compensated Mr. Lusky for his wrongful termination and declines to award him "front pay" under these stated equitable considerations.
II. ATTORNEY'S FEES
Section 31-290a of the General Statutes provides for the taxation of attorney's fees when an employee prevails in an action under said statute. The plaintiff testified that his fee arrangement with his attorney was one-third of the amount recovered or an hourly rate times the number of hours spent, whichever was greater. (In the event of a defendant's verdict, he testified there would be no fee owing). Plaintiff's counsel has submitted two bills, based on hourly rates, in the amounts of $45,427.22 and $2,469.50.
The Court has considered the issues and arguments of counsel as set forth in their memoranda which include, inter alia, billings based on counsel's time records, the amount of the jury verdict and the nature and length of the trial. Under all the circumstances of this case, the Court concludes that an attorney's fee equivalent to one-third of the verdict is reasonable and, therefore, awards counsel fees in the amount of $43,133.33, said sum to be paid by the defendant. (The defendant shall also pay costs as taxed by the Court upon submission of a Bill of Costs).
III. INTEREST
The plaintiff filed an Offer of Judgment on September 25, 1989 offering to settle all the claims underlying this CT Page 4697 action for the amounts of $24,220.60 (including attorney's fees and costs). He seeks interest as provided for by Conn. Gen. Stat. Sec. 52-192a in the amount of twelve (12) percent per annum on the total recovery. The defendant contends that, since this action sought equitable relief and not merely the "recovery of money," Sec. 52-192a is not applicable. That statute provides in relevant part:
(a) After commencement of any civil action based upon contract or for the recovery of money only, the plaintiff may, before trial, file with the clerk of the court a written "offer of judgment" signed by him or his attorney, directed to the defendant or his attorney, offering to settle the claim underlying the action and to stipulate to a judgment for a sum certain . . . .
The obvious intent and purpose of the statute of the statute is to provide an incentive for the parties to resolve their disputes expediently and reasonably, for the benefit of the litigants as well as the court system. The thrust of the statute is remedial. In this case, the plaintiff offered to resolve his entire case, equitable as well as monetary relief. If he had offered only to resolve his claim for damages and to leave unresolved his claim for reinstatment, Section 52-192a would not be applicable. In short, although the plaintiff may have sought ancillary equitable relief, there was a clear offer to stipulate to a judgment for a sum certain to entirely resolve the matter. The purpose and intent of Section 52-192a is met with an award of interest on the total recovery. Gionfriddo v. Avis Rent-A-Car System, Inc. 192 Conn. 301 (1984), Crother v. Gerber Garment Technology, Inc., 8 Conn. App. 254 (1986).
Thus, the plaintiff shall recover interest from the defendant on the amount of $172,533.33 from the June 21, 1988 to the date of judgment, which amount is $49,575.68 (as of May 24, 1991).
IV. PUNITIVE DAMAGES
Under all the circumstances of this case, the Court declines to award punitive damages. The behavior of the defendant was not so egregious that compensation beyond the jury's compensatory award and the supplemental awards as herein provided is appropriate.
Accordingly, judgment shall enter for the plaintiff in the total amount of $222,109.01 plus costs. CT Page 4698
HON. LAWRENCE KLACZAK Superior Court Judge