[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR AWARD OF INTEREST AND ATTORNEY'S FEES PURSUANT TO 52-192a OF THE CONNECTICUT GENERAL STATUTES
I.
Michael Lutynski in April of 1989 filed a one count complaint against BB J Trucking, Inc. of Somerville, New Jersey (BBJ). The lawsuit commenced after one of BBJ's trailer trucks jumped the median divider on I-84 in Waterbury January 8, 1988 and CT Page 3500 crashed into the Lutynski's automobile proceeding in the opposite direction. On August 18, 1989, Lutynski filed an offer of judgment pursuant to section 52-192a of our statutes in the amount of $95,000.[1] BBJ did not accept the offer.
On February 25, 1991, with a jury already picked, Lutynski moved over BBJ's objection to amend his complaint to add a new claim for brain damage, which he indicated was recently discovered and confirmed by a neuropsychologist. The amendment was allowed and the jury trial was delayed to enable BBJ to prepare a defense to that claim. Approximately a year later, the case was tried to a jury and on February 7, 1992 the jury returned a verdict in the amount of $150,026.52. During final argument, Lutynski suggested that his claim ought to be valued by the jury at over half million dollars.
By this motion, Lutynski seeks an award of statutory interest and counsel fees. BBJ objects first on the basis that the claim decided by the jury is different from the claim for which Lutynski made his $95,000 offer for judgment. Second, BBJ argues on state and federal constitutional grounds that since it had no notice and no opportunity to accept the offer of judgment on the brain damage claim, it would be violative of due process for this court to grant the motion. — We deny the request for an award of statutory interest and counsel fees.
 II.
In support of his motion, Lutynski argues that because BBJ did not accept his offer of judgment, made prior to amending his original complaint, the court pursuant to section 52-192a has a "mandatory nondiscretionary task" and must grant his motion. In this regard, he relies on Paine Webber Jackson and Curtis v. Winters, 22 Conn. App. 640 (1990) and further suggests to us that the word "claim" as used in section 52-192a should be read synonymously with "cause of action". However, we don't think, as here, that we are compelled to make an award for interest and attorney fees where the "claim" in this statutory context has been amended after the period acceptance of the offer by BBJ has expired and the lawsuit presented to the jury is one for substantially enhanced damages, which, as the proceedings in this case reveal, BBJ never had the opportunity to settle with the plaintiff's offer of $95,000. If the General Assembly, as Lutynski argues, intended his offer of judgment governed by section 52-192a to affect his "cause of action" as distinguished from a "claim", we think the legislature would have so indicated.[2]
Accordingly, we think the "claim" in this statutory context refers to the one ultimately presented and adjudicated in trial. This reading of the statute is confirmed because the statute contemplates that the "claim" which is the subject matter of the CT Page 3501 plaintiff's offer of judgment will also be the same claim that will go to judgment, albeit by stipulation of the parties before trial.
In these proceedings, Lutynski was allowed to amend his complaint and present to the jury his enhanced claim for damages bottomed on alleged brain injury. That in our opinion was a different claim from the one which was the subject matter of his offer of judgment in June of 1989.
In construing section 52-192a, our Appellate Court has indicated that the interest awarded under this statute is "unrelated to the underlying debt. It is solely related to the defendant's rejection of an advantageous offer to settle before trial and his subsequent waste of judicial resources." Paine Webber, at 654. Additionally, our Supreme Court noted that the plaintiff's offer of judgment to be effective must encompass the entire claim. Gionfriddo v. Avis Rent-A-Car System, Inc.,192 Conn. 301, 307 (1984). In this case, since Lutynski was allowed to delay the trial in order to present his new claim for brain damage, we do not think that we, by granting this motion, should penalize BBJ, which was ready for trial in February of 1991, for the "waste of judicial resources" on a claim that did not even exist when the offer of judgment was made.
We do not reach the important constitutional issues raised by BBJ.
The motion is denied.
So ordered.
WILLIAM PATRICK MURRAY, JUDGE A Judge of the Superior Court