[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PREJUDGMENT AND POSTJUDGMENT INTEREST
I.
Facts
The plaintiff, Continental Machine Tool Company, Inc. commenced this action on August 11, 1992, against the defendant, Beacon Industries, Inc. alleging breach of contract. Specifically, the plaintiff alleged that between September 3, 1991 and January 2, 1992 the defendant ordered and received 2,000 specially manufactured sleeves for which the defendant agreed, but failed to pay, the sum of $31,500.00.
On March 17, 1993, pursuant to General Statutes 52-192a, the plaintiff filed an offer of judgment in the sum of $26,500.00. The defendant did not accept this offer.
After trial, Judge Goldberg issued a written Memorandum of Decision on September 14, 1993, awarding judgment to the plaintiff "for the sum of $31,500.00 and upon receipt of payment in that amount, [the plaintiff] shall ship the 2,000 specially manufactured sleeves to the defendant."
On September 27, 1993, the plaintiff filed a Motion for Approval of Attorney's Fees, Costs and Interest pursuant to General Statutes 51-192a, 52-257 and 37-3a. The defendant has filed an objection to this motion.
 II.
Discussion CT Page 9398
 A.
General Statutes 52-192a(b) states that, if the plaintiff makes an offer of judgment which the defendant fails to accept and if the plaintiff recovers an amount equal to or greater than the offer, the plaintiff shall receive 12% interest on the amount recovered. In the present case as the plaintiff filed an offer of judgment of $26,500.00 on March 17, 1993 and the defendant failed to accept this offer, the plaintiff is entitled to recover interest pursuant to 52-192a(b). Because the offer of judgment was filed within 18 months from the filing of the complaint, interest accrues from the date the complaint was filed, August 11, 1992.
The first issue before this court is what date the interest stops accruing under this statute. The defendant argues that interest under 52-192a(b) is only awarded until the date of judgment, whereas the plaintiff argues that interest continues to accrue until payment is made. In O'Leary v. Industrial Park Corporation, 211 Conn. 648, (1989), the court stated "[t]he rules of 52-192a determine prejudgment interest the interest from the date when the offer of judgment was filed until the date of judgment." Thus, the defendant is correct in its contention that interest awarded under 52-192a(b) accrues only until the date of judgment, September 14, 1993. Therefore, the plaintiff is entitled to recover interest in the amount of ($4,132.11) pursuant to General Statutes 52-192a(b).[1]
 B.
The plaintiff next argues that in addition to the 52-192a(b) interest, it is also entitled to prejudgment interest pursuant to General Statutes 37-3a. That section states:
 "Except as provided in Sections 37-3b and 52-192a, interest at the rate of ten percent a year, and no more, may be recovered and allowed in civil actions as damages for the detention of money after it becomes payable. . . ."
In determining whether or not to award interest pursuant to 37-3a, the issue is "whether or not the detention of the money is or is not wrongful under the circumstances." Cecio Bros., Inc. v. Feldmann, 161 Conn. 265, 275 (1971). "[I]nterest CT Page 9399 awarded under . . . [37-3a] . . . is intended to compensate the prevailing party for a delay in obtaining money that rightfully belongs to him." Neiditz v. Morton S. Fine Associates,199 Conn. 683, 691 (1986). An allowance of interest as an element of damages is primarily an equitable determination and a matter within the discretion of the trial court. Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681, 702 (1991). While it could be argued that prejudgment interest is appropriate as Judge Goldberg found the defendant's conduct "unreasonable under the circumstances of this case," he did not make such an award.
This court notes that in Gionfriddo v. Avis Rent A Car System, 192 Conn. 301 (1984), a personal injury case, the Supreme Court considered the relationship between interest under General Statutes 52-192a and the postjudgment interest statute, General Statutes 37-3a. The court determined that the exception provided in General Statutes 37-3a[2] "recognizes that a personal injury claim would not ordinarily constitute a claim for the wrongful detention of money . . . before the rendering of judgment." Id., 308. The court determined that in personal injury cases, the rules of 52-192a determine prejudgment interest, while the rules of 37-3a determine post judgment interest. "Such a reading is consistent with the directions for calculation specified in 52-192a and the statutory ceiling provided in37-3a." Id.
The Supreme Court subsequently confirmed that this approach is also the proper method for determining the amount of interest to award to a victorious plaintiff in a breach of contract case. In O'Leary v. Industrial Park Corporation, supra, the court restated the relationship between the two interest statutes. "The rules of 52-192a determine prejudgment interest, the interest from the date when the offer of judgment was filed until the date of judgment. Thereafter, [the plaintiffs] are entitled to interest at the rate of [10] percent on whatever amounts remain unpaid on the judgment rendered in [their] favor." Id., 653, quoting Gionfriddo v. Avis Rent A Car System, supra, 308. Nevertheless, in Gillis v. Gillis, 21 Conn. App. 549, (1990), the appellate court affirmed the trial court's determination to award prejudgment interest under 52-192a(b) where the jury had awarded interest under 37-3a (in fact, in making the interest calculation pursuant to 52-192a, the court ordered 12% of the sum of the amount owed under the contract + the interest recovered under 37-3a). The court noted that interest under 37-3a is recoverable as damages for the detention CT Page 9400 of money, whereas "[a]n award of interest pursuant to 52-192a(b) is punitive in nature, and it is meant to serve the purpose of promoting `fair and reasonable compromise of litigation without trial . . . .'" Id., 554, quoting Crowther v. Gerber Garment Technology, Inc., 8 Conn. App. 254, 267 (1986).
In the present case, as Judge Goldberg did not award prejudgment interest under General Statutes 37-3a, this court will not make such an award. The plaintiffs are therefore entitled only to interest at the rate of 12% per annum pursuant to General Statutes 52-192a(b) from the date the complaint was filed, August 11, 1992, until the date of judgment, September 14, 1992. Thereafter, the plaintiffs are entitled to interest at the rate of 10%, pursuant to General Statutes 37-3a, on that total to the date of payment.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT