[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO RENDER JUDGMENT INACCORDANCE WITH SUPREME COURT DECISION
Kevin T. Nixon for plaintiff.
Kernan Henry for defendant.
I.
Michael Lutynski on April 21, 1989 filed this one count complaint against BB J. Trucking, Inc. of Somerville, New Jersey (BB J). He commenced this litigation after one of BB J's trailer trucks on January 8, 1988 jumped the median divider on Interstate-84 in Waterbury, Connecticut and crashed into the oncoming automobile Lutynski was then operating. On August 18, 1989, within eighteen months of filing his complaint, Lutynski, pursuant to § 52-192a[1] filed an offer of judgment in the amount of $95,000, which BB J did not timely accept.
On February 25, 1991, with a jury already picked, Lutynski moved over BB J's objection to amend his complaint to add a new claim for traumatic brain damage. This motion was granted and the jury was dismissed. Trial was delayed so that BB J might prepare a defense to the claim for brain damage. Approximately a year later, a new jury was picked and the case was tried to conclusion. During final argument, Lutynski suggested that his case ought to be valued at a half million dollars. On February 7, 1992, the jury rendered a verdict in the amount of $150,026.52. Thereafter, Lutynski moved, post verdict, for an award of interest pursuant to § 52-192a on the previously rejected offer of judgment, and BB J moved pursuant to § 52-225a[2] to reduce the amount of the verdict based on collateral source payments received by Mr. Lutynski. This court, after hearings on both motions, denied each motion and filed its decisions April 14, 1992, whereupon judgment entered upon the jury's verdict. BB J has paid that judgment in the amount of $150,0026.52 [$150,026.52].
An appeal of this court's two post verdict motion decisions was taken by the parties. The appellate court reversed our decision on Lutynski's motion for an award of interest under § 52-192a, and affirmed our decision denying BB J's motion to reduce the verdict. Lutynski v. BB J Trucking, 31 Conn. App. 806
CT Page 10058-F (1993). Thereafter, the appellate court's decision was affirmed. Lutynski v. BB J Trucking, Inc., 229 Conn. 525
(1994).
The appellate court, in its memorandum of decision, concluded "that the plaintiff is entitled to recover prejudgment interest on the entire amount of his recovery pursuant to § 52-192a, from the date the original complaint was filed to the date of judgment."Lutynski v. BB J Trucking, Inc., supra, 818. In its mandate to this court, the appellate court returned the case "with direction to render judgment as on file except as modified to include an award of interest in accordance with this opinion." Id. at 819. Michael Lutynski now returns with the pending motion for us to render judgment in accordance with the supreme court decision and by this pleading, he seeks an award of prejudgment interest in the amount of $53,670 based on the provisions of § 52-192a. Additionally, in this pleading, he seeks, pursuant to § 37-3a[3] of our statutes, an award of post judgment interest at 10% per annum on the unpaid prejudgment interest until that interest is paid in full.
Concerning the award of prejudgment interest, the parties are in dispute as to the terminal date for its computation. Lutynski contends, as the appellate court indicated, that such interest ought to be awarded to the date of the trial court judgment, April 14, 1992. However, BB J argues that it ought only be awarded to the date of jury verdict, February 7, 1992 because § 52-192a is actually silent as to its operative terminal date. Concerning post judgment interest under § 37-3a, BB J argues that in the procedural circumstances of this case, Lutynski is not entitled to such a statutory award.
Lutynski's motion for the award of prejudgment interest to the date of judgment is granted. His request for post judgment interest pursuant to § 37-3a is denied.
II.
BB J contends that since § 52-192a is silent as to its terminal date, that statute here should be read by us so as to assess its interest to the date of jury verdict. Actually, BB J suggests that "for purposes of § 52-192a, the date of judgment should be that of the verdict of the jury." Memorandum in Support of Defendant'sObjection to Plaintiff's Motion to Render Judgment in Accordancewith Supreme Court Decision, dated August 22, 1994 at 2. CT Page 10058-G In this litigation, after the rendition of the jury verdict, each party filed post verdict motions which delayed the entry of a final, appealable judgment until the court's rulings on those two motions were filed April 14, 1992. It is noteworthy that the statute, § 52-225a, invoked, post verdict, by BB J to reduce the verdict award provides, in part, that a judgment of the trial court shall not enter until this motion based on any collateral sources received has been determined. Conn. Gen Stat. § 52-225a(b). Thus, no final judgment could enter until this court ruled on the defendant's own motion.
In interpreting § 52-192a in the context of negligence claims, our supreme court has indicated that prejudgment interest runs to the date of judgment. Gionfriddo v. Avis Rent A Car System, Inc.,192 Conn. 301, 308 (1984); see also Camp, Dresser and McKeev. Technical Design Associate, 937 F.2d 840, [937 F.2d 840], 844 (2nd Cir. 1991), citing Gionfriddo. Additionally, our appellate court has observed approvingly the award of interest under § 52-192a to the date of judgment as distinguished from the earlier date of jury verdict. Edward Denehey TreeCo. v. Butter, 21 Conn. App. 366, 369 (1990). Finally, in this case, the actual mandate which has come to us from the appellate court as affirmed by the supreme court, directs us "to render judgment as on file accept as modified to include an award of interest in accordance with this opinion." Lutynski v. BB J Trucking Co. Inc., supra, 819. That court's opinion clearly states that the plaintiff is entitled to recover prejudgment interest on the entire amount of his recovery, pursuant to § 52-192a, from the date the original complaint was filed until the date of judgment." Lutynski at 818 (emphasis added). Thus, the mandate directs us to modify our trial court judgment to award the interest, computed to the date of judgment.
For all of these reasons, prejudgment interest shall be awarded to the date of judgment and the parties agree that the amount to that date is $53,670. Thus an order may enter today modifying this court's judgment so as to add $53,670 interest.
III.
Michael Lutynski by this motion also suggests that he is due $12,676 as post judgment interest pursuant to § 37-3a. He relies upon two cases: Gionfriddo v. Avis Rent A Car System,Inc., 192 Conn. 301 (1984) (Gionfriddo II) and O'Leary v.Industrial Park Corp., 211 Conn. 648 (1989). Gionfriddo II discusses the interrelationship of §§ 52-192a and 37-3a and for CT Page 10058-H negligence cases determines that interest under the first statute runs to the date of judgment and interest under the second statute runs on amounts of a judgment not paid after judgment has entered. O'Leary is not significant authority for us since it essentially dealt with an issue involving an award of counsel fees upon appeal after that trial court had assessed interest under § 52-192a. While Gionfriddo II constructs the legal interplay between § 52-192a and § 37-3a, that decision is ancillary to Gionfriddo I which, significantly to us, points out that there not all of that trial court's judgment was paid in full to that plaintiff while the appeals ensued. Gionfriddo v. AvisRent A Car System, Inc., 192 Conn. 280, 283 (1984) (Gionfriddo I). Here, BB J paid Lutynski the trial court judgment in full until today, when this court modified its judgment in accordance with the mandate from the appellate court. Applying the provisions of § 37-3a, which indicates in part "that interest at the rate of 10% per year . . . may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable" (emphasis added) to this case, we do not think, in the first instance that Lutynski is entitled to post judgment interest on the $53,670 because until the judgment is actually modified by us today, the monies in question are not "payable" within the meaning of § 37-3a. SeeCiviello v. Owens-Corning Fiberglass Corporation,208 Conn. 82, 91 (1988). (jury verdict is "implemented" when judgment rendered on it)
Additionally, § 37-3a interest is "intended to compensate the prevailing party for the delay in obtaining money that rightfully belongs to him." Neiditz v. Morton S. Fine Associates,199 Conn. 683, 691 (1986). The benchmarks in making such an award of interest require us to determine what is just and fair in the particular circumstances of each case. Thus, the trial court enjoys discretion built on equitable principles in determining whether § 37-3a interest shall he awarded. MiddlesexMutual Assurance Co. v. Walsh, 218 Conn. 681, 702
(1991); see also O'Hara v. State, 218 Conn. 628, 643 (1991).
Here, BB J paid the trial court judgment to Lutynski and proceeded to contest successfully in this court, but eventually, unsuccessfully upon appeal the applicability of an award of prejudgment interest under § 52-192a. While we don't think these monies were "payable" within the meaning of § 3-7-3a prior to today, even if they were, we do not think that it is fair and just that post judgment interest ought be awarded for the CT Page 10058-I period of time that BB J both in this court and upon appeal contested in good faith the applicability of prejudgment interest under § 52-192a. Accordingly, Lutynski's motion for an award of interest under § 37-3a is denied.
IV.
An order may enter modifying the April 14, 1992 judgment of this court so as to add an additional $53,670 and a second order may enter denying Mr. Lutynski's request for post judgment interest pursuant to provisions of § 37-3a of the Connecticut General Statutes.
Orders may enter accordingly.
Murray, Judge