******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

Robinson, C. J., and McDonald, D'Auria, Mullins,
Kahn, Ecker and Keller, Js.

*Syllabus*

Pursuant to statute (§ 52-192a (c)), if "[a] plaintiff has recovered an amount
equal to or greater than the sum certain specified in the plaintiff's offer
of compromise, the court shall add to the amount so recovered eight
per cent annual interest on said amount . . . ."

The plaintiff, an employment staffing agency, sought to recover damages
for, inter alia, breach of contract from the defendant in connection with
the defendant's failure to pay for certain services. Prior to trial, the
plaintiff filed an offer of compromise, which the defendant did not
accept, even though it previously had agreed to pay an invoice in the
amount of the offer. Following a bench trial, the trial court found the
defendant liable and awarded the plaintiff compensatory damages in
the exact amount of the offer of compromise. The trial court determined
that the defendant had wrongfully withheld payment and that it was
equitable to award the plaintiff double interest in light of the defendant's
prior agreement and failure to pay. Accordingly, the court awarded the
plaintiff both prejudgment interest and postjudgment interest at the
annual rate of 8 percent pursuant to the statute (§ 37-3a) governing
interest in civil actions generally, as well as both prejudgment and
postjudgment offer of compromise interest pursuant to § 52-192a (c),
at an annual rate of an additional 8 percent. The defendant moved for
reargument, claiming, inter alia, that the trial court's award of postjudg-
ment interest under § 52-192a was improper under *Gionfriddo* v. *Avis
Rent A Car System, Inc.* (192 Conn. 301), in which this court concluded
that offer of compromise interest under § 52-192a runs only from the
date the offer was filed to the date of judgment. The trial court denied the
motion for reargument without explanation, and the defendant appealed.
*Held* that the trial court improperly ordered that the offer of compromise
interest continue to accrue until the date the judgment is satisfied, and,
accordingly, this court reversed the trial court's judgment only as to
the award of postjudgment interest under § 52-192a and remanded the
case with direction to vacate that award; the trial court's award of
postjudgment interest under § 52-192a was improper, as this court's
conclusion in *Gionfriddo* that offer of compromise interest terminates
as of the date of judgment and may not be awarded postjudgment under
§ 52-192a controlled, that conclusion was not, contrary to the plaintiff's
argument, dictum, and the plaintiff did not argue that *Gionfriddo* should
be overruled or limited.

Argued February 26—officially released May 4, 2021*

*Procedural History*

Action to recover damages for, inter alia, breach of
contract, and for other relief, brought to the Superior
Court in the judicial district of Stamford-Norwalk,
where the defendant filed a counterclaim; thereafter
the case was tried to the court, *Hon. Edward R. Kara-
zin, Jr.*, judge trial referee, who, exercising the powers
of the Superior Court, rendered judgment for the plain-
tiff, from which the defendant appealed. *Reversed in
part; judgment directed.*

*James E. Nealon*, for the appellant (defendant).

*Robert C. Clark*, pro hac vice, with whom was *Abra-
ham M. Hoffman*, for the appellee (plaintiff).

*Opinion*

ECKER, J. The sole issue in this appeal is whether the trial court properly awarded postjudgment, offer of compromise interest to the plaintiff, Kelly Services, Inc., under General Statutes § 52-192a[1] and Practice Book § 17-18.[2] We conclude that the trial court's award of postjudgment, offer of compromise interest was improper under our holding in *Gionfriddo* v. *Avis Rent A Car System, Inc.*, 192 Conn. 301, 307–308, 472 A.2d 316 (1984), and therefore reverse in part the judgment of the trial court.

The relevant facts, which the trial court found following a bench trial, are not contested on appeal. The plaintiff is an employment staffing agency that provides workers for temporary assignments. In September, 2014, the plaintiff entered into a contract with the defendant, The Senior Network, Inc., to provide temporary workers for a ten week period to distribute marketing brochures encouraging Walmart customers to enroll in a program for Medicare supplemental benefits. After the work was completed, the plaintiff submitted invoices for payment. A dispute ensued regarding the value of the services rendered, and, following a series of communications, the defendant asked the plaintiff to " 'prepare an invoice for the $114,180.56 final payment and we will consider the assignment closed.' " The plaintiff responded shortly thereafter by submitting an invoice for $113,955.56, slightly less than the defendant had agreed to pay. On May 19, 2015, the defendant advised the plaintiff that it would pay the invoice within thirty to forty-five days. Notwithstanding this agreement, the defendant did not pay any portion of the final invoice.

The plaintiff commenced this action against the defendant to recover the $113,995.56 debt by filing a two count complaint for breach of contract and unjust enrichment. The defendant filed an answer and special defenses, as well as a counterclaim for breach of contract. More than two years later, on March 15, 2018, the plaintiff filed an offer of compromise "to settle this action and [to] stipulate to judgment in the amount of $113,955.56 in [its] favor . . . ." The defendant did not accept the offer of compromise. A five day bench trial took place in June, 2019.

On December 2, 2019, the trial court issued a memorandum of decision, finding that the defendant had breached its contractual payment obligations to the plaintiff and awarding compensatory damages in the amount of $113,955.56, the exact amount of the plaintiff's offer of compromise.[3] The court also awarded interest and attorney's fees to the plaintiff.[4] The interest award contained two components.

First, after finding that the defendant had wrongfully withheld payment of the final invoice, the trial court

awarded the plaintiff interest under General Statutes § 37-3a, which permits interest to be awarded "as damages for the detention of money after it becomes payable." General Statutes § 37-3a (a). The trial court ordered interest under § 37-3a "at the rate of 8 percent per annum" and stated that the interest will run from the date when it determined that payment of the final invoice became due, "May 19, 2015, until the date [the defendant] completely pays [the plaintiff]." In other words, the § 37-3a interest award included both prejudgment interest and any postjudgment interest that may accrue until the judgment is fully satisfied. The award of statutory interest under § 37-3a is not challenged on appeal.

The issue on appeal relates to the second component of the trial court's interest award, which was made under § 52-192a and Practice Book § 17-18. Section 52-192a (c) provides in relevant part that, if "the plaintiff has recovered an amount equal to or greater than the sum certain specified in the plaintiff's offer of compromise, the court shall add to the amount so recovered eight per cent annual interest on said amount . . . ."[5] Similarly, Practice Book § 17-18 provides in relevant part that, "[i]f the judicial authority ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain specified in that plaintiff's offer of compromise, the judicial authority shall add to the amount so recovered 8 percent annual interest on said amount. . . ." The disputed aspect of the trial court's interest award is the portion specifying that the interest owed to the plaintiff under § 52-192a and Practice Book § 17-18 shall be calculated "from the filing of the offer of compromise *until paid*," i.e., postjudgment. (Emphasis added.) The trial court determined that it would "not be inequitable" to award "double interest" under both § 37-3a and § 52-192a and Practice Book § 17-18 from March 15, 2018, until the judgment is paid in full because the offer of compromise "was the second demand for the approved and agreed on amount, the first one having been in March, 2015, and [the offer of compromise] was a further alert to the defendant [that] the money should be paid in March, 2018. In addition, the nature of the offer of compromise section is to, in some respect, act as a punitive device. If you [do not] settle the case and you lose, you pay. Accordingly, the court is exercising its discretion in this case and awarding the double interest . . . ."

The defendant moved for reargument in the trial court on numerous grounds, only one of which is relevant to this appeal, namely, its claim that the trial court's award of postjudgment interest under § 52-192a and Practice Book § 17-18 was improper. In support of this claim, the defendant relied on *Gionfriddo* v. *Avis Rent A Car System, Inc.*, supra, 192 Conn. 301, in which we rejected the contention that an award of interest under § 52-192a "continues to accrue until final payment of the

principal debt has been tendered" and, instead, concluded that interest awarded under § 52-192a runs only until "the date of the judgment." Id., 307, 308. The plaintiff opposed reargument, claiming that the language in *Gionfriddo* was dictum. The trial court denied the motion for reargument without explanation. The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

"The question of whether the trial court properly awarded interest pursuant to § 52-192a is one of law subject to de novo review."[6] *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 55, 717 A.2d 77 (1998). In *Gionfriddo*, we addressed "the availability of statutory interest [under § 52-192a] when a plaintiff's offer of judgment has been rejected." *Gionfriddo* v. *Avis Rent A Car System, Inc.*, supra, 192 Conn. 302. After concluding "that § 52-192a, read as a statutory totality, encompasses recoveries in court cases as well as in jury cases"; id., 306; we proceeded to address "a number of subsidiary issues about the calculation of § 52-192a interest." Id., 307. One subsidiary issue was "the relationship between [offer of compromise] interest under § 52-192a and the postjudgment interest statute, [that is] § 37-3a . . . ." Id. We observed that § 52-192a "says nothing about when [offer of compromise] interest terminates" but held that § 37-3a definitively resolved the issue by explicitly limiting the amount of postjudgment interest that may be awarded. Id., 308. "Reading these two statutes in conjunction with each other, as we must," we held that "the rules of § 52-192a determine prejudgment interest, while the rules of § 37-3a determine postjudgment interest."[7] Id. Accordingly, we held that offer of compromise interest under § 52-192a terminates as of "the date of the judgment." Id.; see also *Camp, Dresser & McKee, Inc.* v. *Technical Design Associates, Inc.*, 937 F.2d 840, 844 (2d Cir. 1991) ("Connecticut case law . . . makes it clear that interest under § 52-192a (b) terminates as of the date of the final judgment"), citing *Gionfriddo* v. *Avis Rent A Car System, Inc.*, supra, 308.

We agree with the defendant that our analysis of the issue presented on appeal begins and ends with *Gionfriddo*, which held that postjudgment, offer of compromise interest may not be awarded under § 52-192a. This aspect of our decision in *Gionfriddo* was not dictum but, instead, was necessary to our holding and, therefore, binding precedent.[8] See, e.g., *Cruz* v. *Montanez*, 294 Conn. 357, 376, 984 A.2d 705 (2009) ("a court's discussion of matters necessary to its holding is not mere dictum"); see also *Voris* v. *Molinaro*, 302 Conn. 791, 797 n.6, 31 A.3d 363 (2011) ("[Dictum] includes those discussions that are merely passing commentary . . . those that go beyond the facts at issue . . . and those that are unnecessary to the holding in

the case. . . . [I]t is not [dictum] [however] when a court . . . intentionally takes up, discusses, and decides a question germane to, though not necessarily decisive of, the controversy . . . . Rather, such action constitutes an act of the court [that] it will thereafter recognize as a binding decision." (Internal quotation marks omitted.)). The plaintiff has not asked us to overrule or to limit our holding in *Gionfriddo*, and we see no reason to do so in this case.[9] We therefore conclude that the trial court improperly awarded the plaintiff postjudgment interest under § 52-192a.

The judgment is reversed only as to the award of postjudgment interest under § 52-192a and the case is remanded with direction to vacate that award of interest; the judgment is affirmed in all other respects.

In this opinion the other justices concurred.

* May 4, 2021, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] General Statutes § 52-192a provides in relevant part: "(a) Except as provided in subsection (b) of this section, after commencement of any civil action based upon contract or seeking the recovery of money damages, whether or not other relief is sought, the plaintiff may, not earlier than one hundred eighty days after service of process is made upon the defendant in such action but not later than thirty days before trial, file with the clerk of the court a written offer of compromise signed by the plaintiff or the plaintiff's attorney, directed to the defendant or the defendant's attorney, offering to settle the claim underlying the action for a sum certain. . . . If the offer of compromise is not accepted within thirty days and prior to the rendering of a verdict by the jury or an award by the court, the offer of compromise shall be considered rejected and not subject to acceptance unless refiled. Any such offer of compromise and any acceptance of the offer of compromise shall be included by the clerk in the record of the case.

\* \* \*

"(c) After trial the court shall examine the record to determine whether the plaintiff made an offer of compromise which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain specified in the plaintiff's offer of compromise, the court shall add to the amount so recovered eight per cent annual interest on said amount . . . the court shall add to the amount so recovered eight per cent annual interest on the difference between the amount so recovered and the sum certain specified in the counterclaim plaintiff's offer of compromise. The interest shall be computed from the date the complaint in the civil action . . . was filed with the court if the offer of compromise was filed not later than eighteen months from the filing of such complaint . . . . If such offer was filed later than eighteen months from the date of filing of the complaint . . . the interest shall be computed from the date the offer of compromise was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. This section shall not be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action."

[2] Practice Book § 17-18 provides: "After trial the judicial authority shall examine the record to determine whether the plaintiff made an offer of compromise which the defendant failed to accept. If the judicial authority ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain specified in that plaintiff's offer of compromise, the judicial authority shall add to the amount so recovered 8 percent annual interest on said amount. In the case of a counterclaim plaintiff under General Statutes § 8-132, the judicial authority shall add to the amount so recovered 8 percent annual interest on the difference between the amount so recovered and the sum certain specified in the counterclaim plaintiff's offer of compromise. Any such interest shall be computed as provided in General Statutes § 52-192a. The judicial authority may award reasonable attorney's fees in an amount not to exceed $350 and shall render judgment

accordingly. Nothing in this section shall be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action."

[3] The trial court concluded that the defendant had failed to prove its special defenses and its counterclaim.

[4] The trial court awarded the plaintiff reasonable attorney's fees in the amount of $350. See General Statutes § 52-192a (c) ("[t]he court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly"); Practice Book § 17-18 ("[t]he judicial authority may award reasonable attorney's fees in an amount not to exceed $350 and shall render judgment accordingly"). The trial court's award of attorney's fees is not at issue in this appeal.

[5] The trial court determined that the plaintiff was entitled to interest under § 52-192a because it had recovered an amount "equal to" the offer of compromise. In fact, the plaintiff's recovery substantially exceeded the offer of compromise because the amount it "ha[d] recovered" under § 52-192a (c) included the trial court's award of prejudgment interest under § 37-3a. See *Blakeslee Arpaia Chapman, Inc.* v. *EI Constructors, Inc.*, 239 Conn. 708, 740 n.35, 687 A.2d 506 (1997) ("[t]he offer of judgment is to be compared to the amount that the plaintiff 'has recovered,' which includes compensatory interest"); see also *Gionfriddo* v. *Avis Rent A Car System, Inc.*, supra, 192 Conn. 304–305 ("it is the total judgment that is the relevant [basis] for comparison"); *Gillis* v. *Gillis*, 21 Conn. App. 549, 556, 575 A.2d 230 (concluding that trial court improperly denied offer of judgment interest on § 37-3a interest portion of verdict), cert. denied, 215 Conn. 815, 576 A.2d 544 (1990).").

[6] Practice Book § 17-18 provides for an "identical computation method" as § 52-192a for offer of compromise interest. *Georges* v. *OB-GYN Services, P.C.*, 335 Conn. 669, 674 n.3, 240 A.3d 249 (2020); see also footnotes 1 and 2 of this opinion. For the sake of simplicity, and consistent with the parties' arguments on appeal, we limit our analysis to § 52-192a.

[7] *Gionfriddo* was a personal injury action and, therefore, did not involve a claim for prejudgment interest under § 37-3a. See *Gionfriddo* v. *Avis Rent A Car System, Inc.*, supra, 192 Conn. 308 (recognizing that "a personal injury claim would not ordinarily constitute a claim for the wrongful detention of money" under § 37-3a "before the rendering of a judgment"), citing *Cecio Bros., Inc.* v. *Feldmann*, 161 Conn. 265, 274–75, 287 A.2d 374 (1971)). In a breach of contract action, however, prejudgment interest under § 37-3a may be awarded upon a finding that the defendant withheld money from the plaintiff after it became payable. See *White Oak Corp.* v. *Dept. of Transportation*, 217 Conn. 281, 302, 585 A.2d 1199 (1991) (holding that trial court improperly failed to award prejudgment interest under § 37-3a after finding that payment owed by defendant was wrongfully withheld under contract); see also *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, 310 Conn. 38, 49–50 n.11, 74 A.3d 1212 (2013) (identifying types of claims that would, and would not, permit award of prejudgment interest under § 37-3a). As we previously noted, the trial court in the present case awarded the plaintiff prejudgment and postjudgment interest under § 37-3a, and that award is not challenged on appeal.

[8] To support its contention to the contrary, the plaintiff relies on *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, 310 Conn. 38, 56–57, 74 A.3d 1212 (2013), in which we held that an award of postjudgment interest under § 37-3a was discretionary, rather than mandatory. The plaintiff points out that, in *DiLieto*, we observed that "the issue of postjudgment interest was not a contested issue in *Gionfriddo*," and, thus, "the discussion regarding the award of postjudgment interest pursuant to § 52-192a in *Gionfriddo* was dict[um]." This claim lacks merit. In *DiLieto*, we clarified that our language in *Gionfriddo* "purporting to recognize the plaintiff's 'entitlement' to postjudgment interest under § 37-3a" was not conclusive as to whether the award of such interest was mandatory in every case in which prejudgment interest was awarded under § 52-192a, reasoning that "the issue of whether postjudgment interest is automatic under § 37-3a in cases in which the plaintiff is entitled to prejudgment interest under § 52-192a was not before this court because the defendant in [*Gionfriddo*] did not challenge the plaintiff's entitlement to postjudgment interest. The defendant simply argued that such interest should be calculated at the annual rate of 8 percent pursuant to § 37-3a, rather than at the higher annual rate of 12 percent pursuant to § 52-192a. Thus, although we agreed with the defendant that § 37-3a governed an award of postjudgment interest in [*Gionfriddo*], we were not required

to decide whether such an award was mandatory." *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, supra, 58. Nothing in *DiLieto* suggests that we may consider as dictum the court's determination in *Gionfriddo* that controls the outcome in the present case, which is *Gionfriddo*'s conclusion that interest under § 52-192a terminates as of the date of judgment.

[9] Indeed, counsel for both the plaintiff and the defendant informed this court during oral argument that they were unaware of any other case in which postjudgment, offer of compromise interest had been awarded under § 52-192a.